LUCILLE HICKS *v.* BEN C. McMINN, ADM'R

5-5254                                    453 S. W. 2d 728

Opinion delivered May 18, 1970

*Martin, Dodds, Kidd, Hendricks & Ryan,* for appellant.

*Cooper Jacoway* and *A. F. House,* for appellee.

FRANK HOLT, Justice. Appellant seeks to collect commissions due her as a real estate salesman on the basis that her commissions constituted wages as an employee within the meaning of our probate code. She worked many years for Hal Moore, a real estate broker in Little Rock, until the latter's death in 1968. When appellant made a sale, Moore paid her a commission and retained a brokerage fee for himself. Appellant furnished her own car and transportation expenses; however, Moore provided her with a desk and other sundry needs incidental to her work. Appellant was not required to contribute to any of the office overhead expenses. She had complete freedom to work whenever she desired and received no compensation other than her commissions. Nor did Moore withhold taxes of any kind from her commissions; income taxes and Social Security payments were appellant's own responsibility.

Upon Moore's death, unpaid commissions, amounting to $8,564.92, from transactions up to four years previous were owing to appellant. She presented her claim for payment to the appellee, asserting that her unpaid commissions should be given subsection (b) priority, pursuant to Ark. Stat. Ann. § 62-2606 (Supp. 1969), in the distribution of Moore's estate. The probate court, however, found this claim to be of subsection (c) classification and, therefore, not entitled to preference in payment. This appeal follows.

The sole question on appeal is whether unpaid real estate commissions, due a salesman from a number of transactions over a period of years, come within the compass of subsection (b) of § 62-2606. This statute classifies, in order of priority, the payment of claims to be made by the personal representative where the

applicable assets of the estate are insufficient to pay all claims. The specified classifications are as follows:

"a.  Costs and expenses of administration.

b.  Reasonable funeral expenses and reasonable medical and other expenses incident to the last illness, and wages of employees of the decedent.

c.  All other claims allowed.

No preference shall be given in the payment of any claim over any other claim of the same class, nor shall a claim due and payable be entitled to a preference over claims not due."

Appellant insists that her unpaid earnings are "wages of employees" within the purview of this statute and should therefore be given priority over subsection (c) claims. We do not agree.

Appellant urges us to interpret the terms "wages" and "employees," as used in this statute, in their generic sense. She asserts arguments to the effect that "commissions" are a species of "wages," as "sales agents" or salesmen are sometimes a species of "employees." Our Employment Security and Workmen's Compensation Acts are cited to us as examples. However, each statute dictates whether these terms are to be taken as synonymous or whether they must be distinguished. Therefore, the controlling consideration is a determination of the legislative intent.

In reviewing the history of this statute and the precursor of subsection (b), appellee correctly notes that the Revised Statutes of 1838, Ch. IV, § 80 [Ark. Stat. Ann. § 62-1003 (1947)], listed "expenses of the last sickness, *wages of servants,* * * *" as high priority claims. [emphasis added] Appellee's contention is that the legislature, both in 1838 and in 1949 (the year in which the present statute was enacted), was attempting to provide for only those persons directly

dependent upon an employer for wages for a livelihood. See 35 Am. Jur., Master and Servant § 63, and 29 ALR 2d 772 (1953). In the situation presently before us, appellant is requesting priority for commissions which are in arrearage up to four years. Clearly such commissions cannot be construed to be wages, the continuity in the payment of which she depended upon for her livelihood; rather, they reflect the posture of past debts entitled to no greater priority than other subsection (c) claims.

Appellant argues that § 62-2606 is a remedial statute and, as such, should be interpreted liberally by this court so as to give generic import to the terms "wages" and "employees" thus including her claim within subsection (b). This subsection has a primarily protective complexion, precisely delineating those claims to be given such priority—*i. e.,* "reasonable funeral expenses, reasonable medical and other expenses incident to the last illness, and wages of employees of the decedent." One could not effectively argue that this subsection should apply to unpaid medical expenses unconnected to the last illness and originating up to four years prior to decedent's demise; so, too, we do not think that its scope should be broadened to include appellant's claim which would thereby not only diminish the specific protection afforded to any personal wage earners the decedent might have had, but also unfairly divert assets which should be applied to subsection (c) claims equally, as is directed by the last paragraph of § 62-2606.

Affirmed.

BYRD, J., disqualified and not participating.